IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **JERMAINE FILES** | * |
|     **Plaintiff,** | * |
| | * |
| v. | *  CIVIL NO.: _____ |
| | * |
| **DEERFIELD MEDIA (MOBILE), INC.,** | * |
| **SINCLAIR BROADCAST GROUP, INC.,** | * |
|     **Defendants.** | * |

**COMPLAINT**

Plaintiff, Jermaine Files ("the Plaintiff"), through the undersigned counsel, alleges as follows:

**PARTIES**

1.  The Plaintiff, Jermaine Files, is a private citizen of the State of Alabama. The Plaintiff's date of birth is December 22, 1996.

2.  The Defendants, Deerfield Media (Mobile), Inc., ("Defendants") are a corporation which owns and operates WPMI-TV (Mobile, AL), which is an affiliate of the National Broadcasting Company (NBC). Deerfield Media, Inc., is a subsidiary of the larger parent company, Sinclair Broadcast Group, Inc.

3. The Defendants, Sinclair Broadcast Group, Inc., ("Defendants") are a telecommunications conglomerate and the Parent company of Deerfield Media, Inc.

## JURISDICTION

4. This Honorable Court has Diversity Jurisdiction of the parties.

5. Plaintiff is a citizen of the State of Alabama.

6. Defendant Sinclair Broadcast Group, Inc., are a Maryland registered corporation with its principal office in Cockeysville, MD.

7. Defendant Deerfield Media (Mobile), Inc., are a corporation registered in Delaware, with its principal office located in New York, NY.

8. The amount in controversy exceeds $75,000.01.

## STATUE OF LIMITATIONS

9. Plaintiff's claims arise from Defamation *Per Se*, Negligence and Wantonness by the Defendants, which occurred on or about October 8, 2017, and the days that followed.

10. The Statue of Limitations in this Jurisdiction for Defamation *Per Se*, Negligence, and Wantonness is (2) years and will not expire until October 9, 2019.

## BACKGROUND

11. On or about October 8, 2017, Defendants' television program, "Local 15 News", broadcast a story falsely identifying the Plaintiff, Jermaine Files, as a rapist and a pillager.

12. The story aired by the Defendants included the name and likeness of the Plaintiff. The Defendants published a statement "THEY RAPE AND PILLAGE" under a picture of the Plaintiff and included publication of his name.

13. Defendants also published the same story on their website, "**mynbc15.com**".

14. The website, **mynbc15.com** also has a comments section where visitors to the website can comment on the stories. Many of the website's visitors made hurtful and offensive comments about the Plaintiff which were published on the website.

15. Plaintiff is not a rapist. Plaintiff is not a pillager. On the date of the incidents made basis of this suit, Plaintiff was not involved in any crimes of moral turpitude as was published by the Defendants. Defendants' claims about the Plaintiff are false.

16. Plaintiff was never arrested or charged with the crime of rape.

17.  Plaintiff and his friends and relatives became aware of the false news publication and made calls to the Defendants to ask them to retract the story and to run a correction.

18.  Defendants ignored the requests to retract and continued to publish the false story depicting the Plaintiff as a rapist on their website throughout October 2017.

### CLAIM ONE: DEFAMATION *PER SE*

19.  Plaintiff incorporates by reference paragraphs 1-18 of the complaint as if fully set forth herein.

20.  Defendants' made false publications about the Plaintiff in violation of 28 U.S.C. § 4101.

21.  Defendant's false claims about the Plaintiff were spread over a wide viewing audience and worldwide through the internet publication.

22.  Defendants' false claims of moral turpitude and criminality are considered inherently defamatory under Alabama defamation law.

23.  Plaintiff has requested a retraction in the same mediums of communication as the original defamatory statement.

24.  Defendants refused to retract and have not tendered to the Plaintiff any compensation in money.

## CLAIM TWO: NEGLIGENCE

25. Plaintiff incorporates by reference paragraphs 1-18 of the complaint as if fully set forth herein.

26. Defendants negligently published false statements about the Plaintiff.

27. Defendants recklessly failed to remove the false statement about the Plaintiff from their publications even after the Defendants were made aware of their mistake.

## CLAIM THREE: WANTONNESS

28. Plaintiff incorporates by reference paragraphs 1-18 of the complaint as if fully set forth herein.

29. Defendants recklessly disregarded Plaintiff's rights as a private citizen.

30. Defendants acted without considering the consequences of their actions.

31. Defendants are huge corporations and do not care about causing harm to the Plaintiff by publishing false statements.

## DAMAGES

32. Plaintiff has suffered public humiliation, embarrassment, shame, and irreparable harm to his reputation.

33. Plaintiff claims *Per Se* damages.

5

34. Defendants' false claims about the Plaintiff were of criminality and moral turpitude and are considered inherently defamatory under Alabama defamation law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment for the Plaintiff in this Complaint and further requests:

(a) Award compensatory damages to Plaintiff in the amount of $7,000,000.00.

(b) Award punitive damages to Plaintiff in the amount of $21,000,000.00.

(c) Such other relief that the Court deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted, this 4th day of October, 2019.

*s/Joseph B. Fellows*
Joseph B. Fellows
Attorney for Plaintiff
11 N. Water St., Suite 10290
Mobile, Alabama 36602
(251)423-0646
fellowsjoe@yahoo.com

PLAINTIFF TO SERVE THE DEFENDANTS AT THE FOLLOWING ADDRESSES:

Deerfield Media (Mobile), Inc.
The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

Sinclair Broadcast Group, Inc.
The Corporation Trust
2405 York Rd. Suite 201
Lutherville Timonium, MD 21093-2264