IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JERMAINE FILES | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | CIVIL NO. 19-0742-WS-B |
| | * | |
| DEERFIELD MEDIA (MOBILE), | * | |
| INC., | * | |
| SINCLAIR BROADCAST | * | |
| GROUP, INC., | * | |
|     Defendants. | * | |

## [PROPOSED] JOINT PROTECTIVE ORDER

Before the Court is the Parties' Joint Motion for Entry of a Protective Order, pursuant to Fed. R. Civ. P. 26(c).  The Court, being fully apprised in its premises, hereby finds that good cause has been shown for the Court to grant the relief sought.   Therefore,

IT IS ORDERED:

The parties have expressly agreed that information will not be designated as confidential for tactical reasons, and any designation made in accordance with this Protective Order shall be made with a good faith belief that there is good cause why any material so designated should not be part of the public record of these cases. Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

    (a) Information governed by a non-disclosure or confidentiality agreement or obligation;

(b) Agreements with third parties, including licensing agreements, distribution agreements, insurance agreements, sales agreements, or service agreements;

(c) Information related to budgets, sales, profits, costs, margins, licensing of content, product pricing, or other internal financial and accounting information, including non-public information related to the Parties' financial condition, performance, income, or other non-public financial information;

(d) Trade secrets (as defined by the jurisdiction in which the information is located) and confidential or proprietary business methods or data;

(e) Medical records of any person; and

(f) Personal financial records including tax returns, bank statements, property records, and other such documents and information.

The parties contend that unprotected or unrestricted disclosure of such confidential information would result in prejudice or harm to the producing party by revealing commercially or personally sensitive materials representing valuable tangible and intangible assets of that party or by invading the privacy of the producing party.

During discovery in this case, if a party, or a non-party producing information in these civil actions, or an attorney for the party or non-party, has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a request or court order, are confidential and should not be disclosed other than in connection with these actions and pursuant to this Protective Order, the party, non-party, or attorney shall clearly mark each such document or other material as "CONFIDENTIAL" or "CONFIDENTIAL:

ATTORNEY'S EYES ONLY." The individual or entity designating the document or materials as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" must take care to limit any such designation to specific documents or materials that qualify for protection under this Order. Such designation may be made with regard to:

(a) Information showing the financial performance or standing of a party, including income statements, balance sheets, and budget projections;

(b) Names, addresses, and other information tending to identify customers, distributors, prospective distributors, or other third-party business partners or prospective business partners of a party or other individuals whose disclosure would harm a party in the conduct of its business or expose the individual to harassment or abuse;

(d) Information held by a party having a good faith belief that such information has competitive value, is not generally known to others, or which the party would not reveal to third parties except in confidence;

(e) Information that a party reasonably and in good faith believes falls within the legally recognized parameters of the right to privacy guaranteed by the laws of the United States or Alabama;

(f) Medical records of any person;

(g) Personal financial records including tax returns, bank statements, property records, and other such documents and information; and

(h) Any other categories of documents or information ordered by this Court pursuant to a motion of the parties.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or impose unnecessary expense and burden on another party) expose the designating individual or entity to sanctions. If it comes to the attention of the designating individual or entity that a document or other material has been improperly marked as "CONFIDENTIAL," the designating individual or entity must promptly notify all parties that the erroneous designation is being withdrawn and must replace the improperly designated document or material with a copy that is not marked "CONFIDENTIAL."

If a party or an attorney for a party disputes whether a document or other material has been properly designated, the parties and/or attorneys shall attempt to resolve the dispute with the designating individual or entity.

If they are unsuccessful, the party or attorney challenging the designation shall do so by filing an appropriate motion.

No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

Any document or other material which is marked "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of these actions. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY," or the contents thereof, at any deposition taken in these actions, provided that the deponent is (1) an individual to whom disclosure of the document and information is permitted under this Protective Order and (2) agrees to abide by the terms of this Protective Order. Only individuals authorized to view information designated as "CONFIDENTIAL: ATTORNEY'S EYES ONLY" may be present at any portion of a deposition during which documents marked "CONFIDENTIAL: ATTORNEY'S EYES ONLY," or their contents, are discussed. The parties to this Protective Order may designate any portion of any deposition transcript as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" within 30 days of its transcription, and during that 30 day period the parties and the deposition witness shall deem the entire transcript to be "CONFIDENTIAL: ATTORNEY'S EYES ONLY"

Documents marked "CONFIDENTIAL" and the content contained therein may only be shared with the following individuals:

(a) Counsel of record in the cases and any attorneys or staff actively working on the cases under counsel's direction and control;

(b) Any consulting or testifying expert who agrees to be bound by the terms of this Protective Order and subject to the jurisdiction of the United States District Court for the Southern District of Alabama for the purposes of the Protective Order's enforcement;

(c) Any individual who is shown on the face of a document to be an author or recipient of the document;

(d) The parties and their employees who are actively engaged in working on the cases;

(e) Any deposition or trial witness who agrees to be bound by the terms of this Protective Order and subject to the jurisdiction of the United States District Court for the Southern District of Alabama for the purposes of the Protective Order's enforcement;

(f) Any court reporter or videographer engaged for the purpose of recording or transcribing a deposition who agrees to be bound by the terms of this Protective Order and subject to the jurisdiction of the United States District Court for the Southern District of Alabama for the purposes of the Protective Order's enforcement; and

(g) The Court and its personnel in the performance of their official duties.

Documents marked "CONFIDENTIAL: ATTORNEYS' EYES ONLY" and the content contained therein may only be shared with the following individuals:

(a) Counsel of record in the cases, any attorneys or staff actively working on the cases under counsel's direction and control, and inside counsel for the parties;

(b) Any consulting or testifying expert who agrees to be bound by the terms of this Protective Order and subject to the jurisdiction of the United States District Court for the Southern District of Alabama for the purposes of the Protective Order's enforcement, provided that, before any such disclosure, the party seeking to disclose the information must serve written notice on the party who designated the information as "CONFIDENTIAL: ATTORNEY'S EYES ONLY" identifying the proposed consultant or expert and the information to be disclosed, after which the designating party shall have five business days to object to the requested disclosure. If the parties are unable to resolve the designating party's objection under this paragraph within five business days of the disclosing party's receipt of the designating party's objection, then the designating party shall have five additional business days to file a motion seeking a protective order preventing the requested disclosure;

(c) Any individual who is shown on the face of a document to be an author or recipient of the document;

(d) Any court reporter or videographer engaged for the purpose of recording or transcribing a deposition who agrees to be bound by the terms of this Protective Order and subject to the jurisdiction of the United States District Court for the Southern District of Alabama for the purposes of the Protective Order's enforcement; and

(e) The Court and its personnel in the performance of their official duties.

If a party or attorney wishes to disclose any document or other material which is marked "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY," or the contents thereof, to any witness (other than a witness disclosed on the face of the document as an author or recipient of the document), court reporter, videographer, consultant, or expert to whom

disclosure is otherwise authorized by this Protective Order, the person making the disclosure shall do the following:

 (a) Provide a copy of this Protective Order to the person to whom disclosure is made;

 (b) Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

 (c) Require the person to whom disclosure is made to sign an acknowledgement and receipt of this Protective Order;

 (d) Instruct the person to whom disclosure is made to return any document or other material which is marked "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" at the conclusion of the cases, including notes or memoranda made from "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" material; and

 (e) Maintain a list of persons to whom disclosure was made and the "CONFIDENTIAL" materials which were disclosed to that person.

 If any party, non-party, or attorney wishes to use as an exhibit any "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" document or material in support of or in opposition to a motion for summary judgment, s/he shall file a motion seeking leave to file that document or material under seal.

 If any party, non-party, or attorney wishes to use as an exhibit or as evidence at trial any "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" document

or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution.

Within thirty days after the conclusion of the action, each party shall gather the "CONFIDENTIAL" and "CONFIDENTIAL: ATTORNEY'S EYES ONLY" materials, copies thereof, and related notes and memoranda, including materials given by that party to any other individual, and shall return them to the party or attorney who originally disclosed them or destroy them in a manner which is reasonably certain to prohibit the dissemination of the information to non-authorized persons, unless the materials are part of the record or constitute attorney work product.

This Order shall not be interpreted as imposing any limitation on otherwise discoverable information, and the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" shall not afford that information or evidence any special status in discovery or at trial of this matter. "CONFIDENTIAL" and "CONFIDENTIAL: ATTORNEY'S EYES ONLY" discoverable material and information shall be subject to the same disclosure requirements as any other discoverable information or materials pursuant to the Federal Rules of Civil Procedure. At the trial of this matter, it is within the purview of the presiding judge to determine whether evidence is admissible pursuant to the Federal Rules of Evidence irrespective of it being designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY."

**SO ORDERED** this _____ day of June, 2020.

_____
United States Magistrate Judge Sonja F. Bivins

June 17, 2020

*/s/ Joseph Fellows (with permission)*
Joseph Fellows
Attorney for Plaintiff
11 N. Water St., STE 10290
Mobile, Alabama 36602
Tele: (251)423-0646
fellowsjoe@yahoo.com

*Counsel for Plaintiff*

Respectfully submitted,

*/s/ Lauren Russell*
Benjamin W. Maxymuk
Bar Number: ASB-9590-M67M
COPELAND, FRANCO,
SCREWS & GILL, P.A.
444 S. Perry St.
Montgomery, AL 36104
T: (334) 834-1180
F: (334) 834-3172
maxymuk@copelandfranco.com

Chad R. Bowman (DC 484150)
(admitted *pro hac vice*)
Lauren Russell (DE 6576)
(admitted *pro hac vice*)
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
T: (202) 661-2200
F: (202) 661-2299
bowmanchad@ballardspahr.com
russelll@ballardspahr.com

*Counsel for Defendants*